John K. Bennett, Esq. (Bar ID #024201980)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
Attorneys for Defendant, Nestle USA, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------x

| | |
|---|---|
| WESLEY IKEDA,<br><br>             Plaintiff,<br><br>   vs.<br><br>NESTLE USA, INC.,<br><br>             Defendant. | Hon. _____, U.S.D.J.<br><br>Hon. _____, U.S.M.J.<br><br>Civil Action No. 16 - _____ (\_\_/\_\_)<br><br>**<u>NOTICE OF REMOVAL</u>** |

------------------------------------------------------x

TO:   THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

This Notice of Removal by Defendant, Nestle USA, Inc., a Delaware corporation having its headquarters and principal place of business located at 800 North Brand Blvd., Glendale, California 91203, respectfully shows, in accordance with the provisions of 28 U.S.C. § 1446, that this action is properly removed from the Superior Court of New Jersey, Law Division, Morris County, New Jersey, to this United States District Court, as follows:

1.    Plaintiff, Wesley Ikeda, has brought a civil action against Defendant in the Superior Court of New Jersey, Law Division, Morris County, captioned as "Wesley Ikeda, Plaintiff, vs. Nestle USA, Inc., Defendant," Docket No. MRS-L-212-16. This action was commenced by the filing of a Complaint on or about January 28, 2016, a copy of which is attached hereto as Exhibit A.

2. Defendant was served with process in this action on February 1, 2016.

3. No proceedings have taken place in the state court action. Defendant has not served an answer or responsive pleading to Plaintiffs' Complaint or made any appearance or argument before the Superior Court of New Jersey.

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), thereby allowing Defendant to remove, pursuant to 28 U.S.C. §§ 1332 and 1441, on the basis of this Court's diversity-of-citizenship jurisdiction.

5. This action arises out of Plaintiff's claims in his Complaint that his employment was unlawfully terminated on January 30, 2014, from his position as Human Resources Manager at Defendant's facility in Freehold, New Jersey.

6. Plaintiff's Complaint asserts one count, claiming that his employment was terminated because of his age, in alleged violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12(a).

7. This action is removable to this Court based on its diversity-of-citizenship jurisdiction, pursuant to 28 U.S.C. § 1441, because:

   a. Plaintiff's Complaint alleges that he resides at 8908 Glade Spring Lane, Charlotte, North Carolina 28216; therefore, Plaintiff is a citizen of the State of North Carolina.

   b. Defendant has been and is, both at the time of the filing of the Complaint, and the filing of this removal petition, a Delaware corporation having its headquarters and principal place of business located at 800 North Brand Blvd., Glendale, California 91203; therefore, Defendant is a citizen of the States of Delaware and California.

2

8.    The entire amount in controversy, while not specifically enumerated in Plaintiff's Complaint, appears to contemplate an amount exceeding the sum or value of $75,000.00. The fact that a complaint does not, on its face, state the amount it seeks to recover will not defeat diversity jurisdiction. Where, as here, Plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, Defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. See Bergen County Improvement Auth. v. Bergen Reg'l Med. Ctr., 2012 U.S. Dist. LEXIS 81891 (D.N.J. June 7, 2012); see also Raspa v. Home Depot, 533 F. Supp. 2d 514 (D.N.J. 2007) ("legal certainty" test satisfied by demand for compensatory and punitive damages, and attorneys' fees).

9.    Plaintiff seeks economic damages for career path losses, compensatory damages, including damages for lost wages, emotional distress and personal physical injury and suffering, attorneys' fees and costs of suit, and punitive damages (Plaintiff's Complaint, p. 5). Plaintiff alleges that his employment was terminated on January 30, 2014 (Complaint, ¶ 13). After discovery is completed, and if this matter were to proceed to trial, Plaintiff's claimed economic damages and attorneys' fees, by themselves, clearly establish to a legal certainty that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

10.    Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount-in-controversy requirement of 28 U.S.C. § 1332. Therefore, this action is properly removable to this Court, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

11.    Defendant files this Notice of Removal without waiving any defenses to the claim(s) asserted by Plaintiff, including improper service of process, and without conceding that Plaintiff has pled claim(s) upon which relief can be granted.

WHEREFORE, Defendant submits respectfully that this action proceed in its entirety in this Court as an action properly removed hereto.

JACKSON LEWIS P.C.
Attorneys for Defendant
Nestle USA, Inc.


By: s/ John K. Bennett
    JOHN K. BENNETT

Dated:  February 26, 2016


4814-5149-2641, v. 1

4

# EXHIBIT A

ENTERED ON ACMS

**WESLEY IKEDA, Plaintiff *Pro Se***
8908 Glade Spring Lane, Apt. 307
Charlotte, North Carolina 28216
(609) 880-5342
Plaintiff *Pro Se*

| | |
|---|---|
| WESLEY IKEDA,<br><br>         Plaintiff,<br>vs.<br><br>NESTLE USA, INC.,<br><br>         Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.:<br><br>MRS  L-212-16<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Wesley Ikeda, hereinafter "Plaintiff" or "Mr. Ikeda," residing at 8908 Glade Spring Lane, Apt. 307, Charlotte, North Carolina 28216, by way of Complaint says:

## NATURE OF THIS ACTION

1.    This is an action brought to remedy age discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. ("LAD").

## PARTIES

2.    During all times relevant hereto, the Plaintiff, Wesley Ikeda (hereinafter, "Plaintiff" or "Mr. Ikeda"), was an "employee" of the Defendant, Nestle U.S.A., Inc. (hereinafter, "Defendant" or "Nestle" or "the company"), as that term is defined by the LAD, N.J.S.A. 10:5-5.

3.    Nestle maintains corporate headquarters at 12 Vreeland Road, Florham Park, New Jersey 07932. Nestle transacts business throughout New Jersey, including Morris County.

4.    At all times relevant hereto, Nestle was Plaintiff's "employer," as that term is defined by the LAD, N.J.S.A. 10:5-5.

1

5.     Mr. Ikeda was employed by Nestle for almost 30 years. Mr. Ikeda began his career with Nestle in Finance and he is a Certified Management Accountant. In or about 2006, Mr. Ikeda earned a designation as a "Senior Professional in Human Resources," and was one of only two individuals in his class of forty (40) to pass the exam. Prior to his 2013 Performance Appraisal, Plaintiff consistently met or exceeded his job performance expectations.

6.     During his tenure with the company, Mr. Ikeda went above and beyond in his dedication to Nestle by, among other things, resolving a back-load of grievances from approximately 120 annually to one-sixth of that number, or 20 grievances, despite an increasingly challenging business environment. Mr. Ikeda also served as a key witness in approximately 17 arbitration cases - the company prevailed in many of the cases in which Mr. Ikeda testified on its behalf.

7.     Despite his exemplary performance, Mr. Ikeda was targeted for termination in violation of the LAD based upon his age. At the time Mr. Ikeda was terminated, he was 57 years old.

8.     In or about October 2012, Paul Grimwood became Nestle USA's new CEO. Shortly thereafter, older employees such as Mr. Ikeda were targeted for termination and/or "retirement" based upon their age. For example, in 2013, Nestle USA employed fifteen (15) salaried employees of Plaintiff's age or older in the Freehold location. Eight (8) of those fifteen (15) "retired" in 2013. In mid-2014, one other employee announced her intent to retire, and two others have expressed their intent to retire within the next three years.

9.     Three of the four remaining older employees, including the Plaintiff, received poor performance ratings in 2014. In 2014, five of six employees receiving poor ratings were over the age of 50. In contrast, in both 2013 and 2014, seven out of eight employees receiving

2

above average ratings were under the age of 50. Thus, Nestle was targeting its older employees for termination.

10.    Despite never having previously received a poor annual performance review, in February 2013, Plaintiff's supervisor, Iain Reed, gave Plaintiff his first ever poor performance rating. Thereafter, Plaintiff was placed on a Performance Improvement Plan ("PIP") and was denied the ability to attend NCE training. At the same time, Nestle sent younger, newer employees to the NCE training. The NCE training, which Plaintiff was denied, was critical to his being able to meet the performance requirements outlined in his PIP. By denying Plaintiff the NCE training, the company was setting Plaintiff up to fail. Mr. Reed likewise used the PIP process to undermine the Plaintiff's performance by assigning, throughout the PIP, additional objectives over and above those Mr. Reed had assigned to Plaintiff in his annual review.

11.    Mr. Ikeda was clearly targeted by Mr. Reed, as another younger manager, Todd Benedict, who was under-performing, was not placed on a PIP but instead was given more support, training and encouragement.

12.    Thereafter, Plaintiff was also excluded from key communications and e-mails regarding meetings and requirements that negatively impacted his performance at presentations and meetings. Plaintiff, the oldest member of the management team, was the only employee excluded from these crucial communications. Throughout the PIP process, Mr. Reed did not provide Plaintiff with any guidance or direction.

13.    On January 30, 2014, the company terminated the Plaintiff.

14.    The LAD prohibits discrimination against employees based on age. N.J.S.A. 10:5–12(a) in pertinent part provides:

> It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination ... [f]or an employer, because of the ... age ... of any individual ... to

3

refuse to hire or employ or to bar or to discharge or require to retire ... from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment....

15. At the time of Plaintiff's termination, Plaintiff was 57 years old, and therefore was a member of a protected class under the LAD.

16. Plaintiff's age played a role in Nestle's decision making process and had a determinative influence on the outcome of Nestle's decision making process. Therefore, Plaintiff's termination was in direct violation of the LAD.

17. Defendant acted negligently, recklessly or intentionally by:

(a) failing to have in place a well-publicized and enforced anti-discrimination policy;

(b) failing to mandate anti-discrimination training for its supervisors, managers, agents, and employees;

(©) failing to properly train its supervisors, managers, agents, and employees regarding compliance with any anti-discrimination policy promulgated by it;

(d) failing to properly supervise its supervisors, managers, agents, and employees to ensure compliance with any anti-discrimination policy promulgated by it;

(e) failing to make an unequivocal commitment from the top of the organization that any anti-discrimination policy is not just words but backed up by consistent practice;

(f) failing to protect Plaintiff and others from discrimination in the work place;

4

RECEIVED & FILED
2016 JAN 28 P 2: 46
MORRIS COUNTY
CIVIL DIVISION

(g)     explicitly or implicitly condoning discrimination by its supervisors, managers, agents, and employees;

(h)     failing to conduct an adequate investigation into Plaintiff's complaint of discrimination; and

(I)     failing to take appropriate disciplinary action against Defendant's supervisors, managers, agents and employees who discriminated against Plaintiff.

18.     Based on the foregoing, Defendant negligently, recklessly and/or intentionally failed to take prompt, appropriate and reasonable remedial action to prevent, stop and remedy the discrimination aimed at Plaintiff. By and through its agents, Defendant fostered a discriminatory atmosphere and allowed actions which constitute discrimination in violation of the LAD.

19.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer career damage, financial loss and emotional distress, as well as physical pain and suffering.

WHEREFORE, cause having been shown, Plaintiff demands judgment against Defendant and seeks the following relief:

(a)     Economic damages for career path losses;

(b)     Compensatory damages, including damages for lost wages, emotional distress and personal physical injury and suffering;

(c)     Attorneys' fees and costs of suit;

(d)     Punitive damages; and

5

(e)     Such other relief as the Court may deem equitable and just.

**WESLEY IKEDA, Plaintiff *Pro Se***

BY: _____

WESLEY IKEDA

Dated: January 25, 2016

## JURY DEMAND

Plaintiff demands trial by jury with respect to all issues that are so triable.

**WESLEY IKEDA, Plaintiff *Pro Se***

BY: _____

WESLEY IKEDA

Dated: January 25, 2016

## CERTIFICATION

Pursuant to New Jersey Court Rule 4:5-1, I hereby certify that to my knowledge, the

matter in controversy is not and will not be the subject of any other litigation or arbitration in any

court or before any body nor do I know of any other party who should be joined in this action.

_____

WESLEY IKEDA

Dated: January 25, 2016

6